**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------)
GREGORY PATSON O'NEAL CLARKE  )
                    Petitioner     )
                                   )
        VS                         )       RE: 1:01-CV-00738
                                   )
IMMIGRATION & NATURALIZATION       )
SERVICE                            )
                    Respondent     )
-----------------------------------------------)
```

## PETITIONER'S BRIEF TO SUPPORT THE
## MOTION OF HABEAS CORPUS REVIEW

   Now comes the Petitioner in the above entitled action and moves this Honorable Court pursuant to 28 U.S. Const. # 2241, to grant him a review of the matter herein.

## BACKGROUND:

   The Petitioner Mr. Gregory Patson O.Neal Clarke, alien card #A 40-162-479, hereon (Mr. Clarke), (Petitioner). Currently incarcerated at the Pike County Jail, HC 8 Box 8601, Hawley, Pennsylvania, 18428. The Petitioner is a 29 year old male. He is a native and citizen of Barbados. He was admitted into the United States, a 13 years old lawful permanent resident. By the Airport, at City and States of New York, on December 3,1989. On 1996, Mr. Clarke was sent to rehabilitation for his problem of why he had to steel cars or property from others, at the RoxComp Rehabilitation Center of Roxbury, Massachusetts

   Regretfully, Petitioner found himself in trouble with the law, and on January 5,1998, he was convicted and sentenced to serve 18

months in jail for one count of larceny over $250, to wit, T-shirt, in violation of G.L.c. 266,s.30.

## RIGHT TO COUNSELOR:

Although removal proceeding is not a criminal matter and alien dose not have his Sixth Amendment right to appointment of counselor at the government expense. Due process demands that an alien be entitled to legal representation of his own of his own choosing at his expense. U.S.Const. Amend 14.

Mr. Clarke a lawful permanent resident who did not waive his right to be represented by a law counsel. Contends, that it is illogical to claim that he was given a proper opportunity to obtain a law counsel while incarcerated. It was impossible for Mr. Clarke to secure legal representation, due to his status as an inmate made it impossible for him because he did not have the financial resources required to pay for this service. Therefore, he was denied of his right to due process of the law afforded by 8 U.S.C. # 1229a (4)(A),1362, and 8 C.F.R. 3292 of the Immigration & Nationality Act. See Castro-O'Ryan v INS, 847 F2d. 1307 (C.A.9 1987), and Montilla v INS, 929 F.2d (2d Cir. 1991).

## PETITIONER IS ENTITLED TO WAIVER 212 (h):

Petitioner, who came to this country as a healthy 13-year-old boy, has being diagnosed with a disease that require him to seek Rehabilitation Treatment. Contends, that his removal to his native country (Barbados) which dose not provide free treatment care, and is under a deep economic crisis. Will equal a death sentence due to that he no longer has close relatives in that country and will be unable to continue his Rehabilitation treatment. For humanitarian reasons, and as agreed under the Vienna Convention Petitioner should be given a waiver from removal. Furthermore, Mr. Clarke who life will be in jeopardy is entitled to relief from deportation as those aliens in similar situation due to political crisis in their countries, under the Convention Against And Other Cruel, Inhuman, or degrading Treatment or Punishment of February 1999. U.S.C. Amend. 14.

## PETITIONER HAS BEING REMOVED WITH A RETROACTIVE LAW:

Mr. Clarke a lawful permanent resident who raised in the United States and had his permanency in this country safeguarded as a legal immigrant for over 16 years, unless he committed one of the crimes that were enumerated as aggravated felony under the existing law that was governing the cases of immigrant that came to this country before the new Illegal Immigration Reform and Immigrant Responsibility Act of 1996(IIRIRA). It is considered that new law provision will affect only cases that are commenced within the time on which the provisions become effective and on. It's that very same content immigration laws are to be apply to immigrant that comes from the date in which said law went into effect and on, because otherwise, it will has a retroactive effect desavantaging the alien and the family ties created within the time previous to the enactment of the new law. Therefore, the immigration judge decision to order Mr. Clarke removal from this country without relief from deportation under the IIRIRA provisions, is wrongful and illegal under the U.S. Constitution, because its retroactive retribution eliminates relief from deportation to which Mr. Clarke was already entitled at the time of IIRIRA enactment.

It is the cruel and devastating effects the new provisions have when applied to resident that were living in this country for years as Mr. Clarke that make it unconstitutional. It deprives him of his fundamental right to liberty, of his right to remain with his family in the United States without taking under consideration his actual medical condition, and the fact that since he came to this country as a child he only knows what he learn in this country. Mr. Clarke has successfully addressed the problem that landed him in jail and as he was entitled under the law governing his status as a immigrant when he entered this country he should be given an opportunity to remain in this country. The United States Judicial Department has long protect recognized as a just judiciary system, and the court should protect person as Mr. Clarke from being deprived of their right to due process.

The application of the New Provisions to the Immigration Act have a retroactive effect be cause it is denying petitioner of a relief from which he was entitled due to his rehabilitation treatment was diagnosed in 1996, years before the new amendments went into effect back in 1994 he had the same type of problem with his addiction, but as a long term lawful permanent resident who all condition in the American soil. He had relief from deportation available to him.

The United States Constitution is very explicit when it states: That alien as person residing within the U.S. Jurisdiction are entitled to equal protection of the law. A lawful permanent resident Mr. Clarke enjoy full protection of the constitution as well as a citizen. U.S.C. Amend 14.

Meticulous procedures required rule that function under the equal protection analysis is to measure validity of classification created by statute and to determine whether it infringes on fundamental interes or discriminates against suspect class. Impermissible classifications involving suspect classes are those like in this case based on "alienage", race and ancestry. Heisse v. State of Vt. 519 F.SUPP. 36 (D.C. VT 1980).

Therefore, under the equal protection clause the application of IIRIRA in this case conflict with the constitution, U.S. v. Gomez, 797 Fzd 417 (C.A.7. Wis. 1986), Castillo-Felix v. INS, 601 Fzd 459 (C.A9. 1979), and Foley v. Conneies 419 F. Supp. 889 (D.C. N.Y. 1976), affirmed on 98 S.Ct.1067. U.S. Const. Amends 5.14.

## CONCLUSION:

Based on the foregoing as a matter of fairness and to protect Mr. Clarke rights to due process of the law, they should be a hearing for relief from removal.

Thank you for your time and consideration with this matter.

Respectfully Submitted,

_/s/ Gregory Clarke_
Gregory Patson O'Neal Clarke
Prose Petitioner
Pike County Jail
HC 8 Box 8601
Hawley, PA 18428
