# ORIGINAL

(8)

5-22-0

Sc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY P. CLARKE, | : | |
| Petitioner | : | No. 1:CV-01-0738 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| IMMIGRATION AND NATURALIZATION | : | (Mag. Judge Smyser) |
| SERVICE, | : | |
| Respondent | : | |

**FILED**
**HARRISBURG**

MAY 2 1 2001

MARY E. D'ANDREA, CLER
Per_____
**DEPUTY CLERK**

**EXHIBITS IN SUPPORT OF**
**RESPONDENT'S BRIEF OPPOSING**
**THE PETITION FOR A WRIT OF HABEAS CORPUS**

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Dated: May 21, 2001

**EXHIBIT - 1**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A40 162 479

In the Matter of:

Respondent:   CLARKE, Gregory P.
              c/o USINS, Service Processing Center
427 Commercial Street
Boston                                                          MA      02109        (617) 223-3090
              (Number, street, city, state and ZIP code)                             (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1) You are not a citizen or national of the United States;

2) You are a native of Barbados and a citizen of Barbados;

3) You were admitted to the United States at New York, New York on or about December 21, 1986 as an Immigrant;

4) You were, on January 5, 1998, convicted in the Boston Municipal Court, Boston, Massachusetts for the offense of Larceny, in violation of Chapter 266 of the Massachusetts General Laws;

5) You were sentenced to a term of imprisonment of eighteen months.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, (a theft offense (including receipt of stolen prop or burglary offense for which the term of imprisonment [is] at least one year.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
  USINS, JFK Federal Building, Rm 320, Government Center, Boston, MA 02203
                                         (Complete Address of Immigration Court, Including Room Number, if any)
on _____To be calendard_____ at _____ to show why you should not be removed from the United States based on the
       (Date)                      (Time)
charge(s) set forth above.

                                                    _____ , DD
                                                    Deputy District Director
                                                    (Signature and Title of Issuing Officer)

Date:   11/04/99                    _____
                                    Boston, Massachusetts
                                    (City and State)

### See reverse for important information

ExH. 1

Form I-862 (Rev. 4-1-97)

See reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 C 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desir to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certifi English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have su witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that yo are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of eviden and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligi including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You mu notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then t Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time an place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appea before an immigration judge.

_____
(Signature of Respondent)

Before: _____

_____
(Signature and Title of INS Officer)

Date: _____

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___11/4/99___ (Date) , in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[X] in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the ___ENGLISH___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warrant for Arrest of Ali**

File No.  A40 162 479

Date:  November 4, 1999

To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:

From evidence submitted to me, it appears that:

CLARKE, Gregory P.
_____
(Full name of alien)

an alien who entered the United States at or near _____ New York, New York _____
(Port)

_____ December 21, 1986 _____ is within the country in violation of the immigration laws and
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and

Nationality Act.

By the virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
(Signature of authorized INS official)

Denis Riordan
(Print name of official)

Deputy District Director
(Title)

---

**Certificate of Service**

Served by me at DORCHESTER, MA on 11/4/99 at 1530

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

_____
(Signature of officer serving warrant)

SPECIAL AGENT
(Title of officer serving warrant)

Form I-200(Rev. 4-1-

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice of Custody Determination

File No: A40 162 479

Date: November 4, 1999

CLARKE, Gregory P.

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the Immigration Judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.

☐ released under bond in the amount of $ _____.

☐ released on your own recognizance.

☐ You may request a review of this determination by an Immigration Judge.

☐ You may not request a review of this determination by an Immigration Judge because the Immigration and Nationality Act prohibits your release from custody.

_____
(Signature of authorized officer)

Deputy District Director
(Title of authorized officer)

Boston, Massachusetts
(INS office location)

☒ do   ☐ do not request a redetermination of this custody decision by an Immigration Judge.

☒ I acknowledge receipt of this notification.

x _____
(Signature of respondent)

11/4/99
(Date)

---

## RESULT OF CUSTODY REDETERMINATION

On _____ , custody status/conditions for release were reconsidered by:

☐  Immigration Judge          ☐  District Director          ☐  Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐  No change - Orignial determination upheld.       ☐  Release - Order of Recognizance.
☐  Detain in custody of this Service.               ☐  Release - Personal Recognizance.
☐  Bond amount reset to _____              ☐  Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97) N

**EXHIBIT - 2**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts

File No.:    A 40 162 479                    December 17, 1999

In the Matter of                  )
                                  )
GREGORY P. CLARKE                 )  IN REMOVAL PROCEEDINGS
                                  )
              Respondent          )

CHARGE:    Section 237(a)(2)(A)(iii) of the Immigration and
           Nationality Act – convicted of aggravated felony

APPLICATIONS:  Continuance

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Desmond P. Fitzgerald, Esquire    Helen Moore, Esquire
236 Commercial Street             Ass't. District Counsel
Boston, Massachusetts   02109     JFK Federal Bldg., Rm. 425
                                  Government Center
                                  Boston, Massachusetts   02203

## ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent in this case is a 27 year old, single, native and citizen of Barbados.  Removal proceedings were instituted against him when the Immigration and Naturalization Service issued a Notice to Appear on November 4, 1999, charging him with being removable from the United States on the basis of the charge set forth above.  (Exhibit 1).

The respondent, through counsel, admitted factual allegations one through three in the Notice to Appear, denied factual allegation four, denied the charge of removability and

1

Exh. 2

designated Barbados as the country for removal purposes, if necessary. (Exhibit 2).

The evidence presented establishes that the respondent was convicted, pursuant to a plea of guilty, on January 5, 1998, of larceny. As a result of this conviction the respondent was sentenced to a term of imprisonment of 18 months. (Exhibit 3).

I find that the respondent has been convicted of a crime of theft and that he has been sentenced to one year or more. Accordingly, he is deemed to have been convicted of an aggravated felony. There is no relief available to the respondent in such case and for that reason the following order will be entered:

<u>ORDER</u>

IT IS HEREBY ORDERED that the respondent be removed from the United States to Barbados on the basis of the charge contained in the Notice to Appear.

LEONARD I. SHAPIRO,
Immigration Judge

A 40 162 479                    2                    December 17, 1999

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

JUDGE LEONARD I. SHAPIRO in the matter of:

GREGORY P. CLARKE

A 40 162 479

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.


*Brenda Sue Knox Burkett*
(Brenda Sue Knox Burkett, Transcriber)


Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344


February 8, 2000
(Completion Date)

**EXHIBIT 3**

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of

Case No.: A40-162-479

CLARKE, GREGORY P.
Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Dec 17, 1999.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to
Barbados.                                        or in the alternative to

[ ] Respondent's application for voluntary departure was denied and
respondent was ordered removed to
alternative to

[ ] Respondent's application for voluntary departure was granted until
upon posting a bond in the amount of $ _____
with an alternate order of removal to

[ ] Respondent's application for asylum was ( )granted ( )denied
( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted
( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal under section
240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
under section 240A(b)(1)  ( ) granted under section 240A(b)(2)
( ) denied ( ) withdrawn. If granted, it was ordered that the
respondent be issued all appropriate documents necessary to give
effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was
( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
was ordered that respondent be issued all appropriate documents necessary
to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
notice.

[ ] Respondent was advised of the limitation on discretionary relief for
failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____

Date: Dec 17, 1999
Appeal: Waived/Reserved    Appeal Due By:
                            1/18/00

by A

RVG

LEONARD I. SHAPIRO
Immigration Judge

Exh. 3

ALIEN NUMBER: 40-162-479                ALIEN NAME: CLARKE, GREGORY P.

**EXHIBIT 4**

AUG-29-2000 13:30        APPELLATE COUNSEL                    703 756 6281    P.02/02

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A40 162 479 - Boston                          Date:    APR 1 9 2000

In re:  GREGORY P. CLARKE

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Desmond Patrick FitzGerald, Esquire

ORDER:

   PER CURIAM.  This Board has been advised that the instant appeal has been withdrawn.
8 C.F.R. § 3.4.  Since there is nothing now pending before the Board,

      IT IS ORDERED that the record be returned to the Immigration Court without further action.

_____
                FOR THE BOARD

TOTAL P.02

Exh. 4

**EXHIBIT 5**

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## UNITED STATES IMMIGRATION COURT
## BOSTON, MASSACHUSETTS

File:   A40 162 479

In the Matter of                         )
                                         )
Gregory P. CLARKE,                       )          IN REMOVAL
                                         )          PROCEEDINGS
Respondent                               )


CHARGE:    Section 237(a)(2)(A)(iii)of the Immigration and Nationality Act ("the Act")
           [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of an Aggravated Felony


APPLICATION:    Motion to Reopen


ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:
Pro se                              Assistant District Counsel
                                    Trial Attorney Unit - INS
                                    JFK Federal Bldg., Rm. 425
                                    Boston, Massachusetts 02203


## DECISION OF THE IMMIGRATION JUDGE

On October 16, 2000, the respondent filed a motion to reopen in the above-referenced matter. The respondent asserts that he is eligible for relief under INA § 212(h) (2000) and that he did not raise this issue previously because he did not know about it.

As of the date of this decision, the Immigration and Naturalization Service ("the Service") has not filed a response to the respondent's motion to reopen. Therefore, the respondent's motion will be deemed unopposed. See Local Operating Procedure # 5.

I.    Procedural History

On November 4, 1999, the Service served the respondent with a Notice to Appear ("NTA") alleging that he is a native and citizen of Barbados who was admitted to the United States at New

Exh - 5

York, New York on or about December 21, 1986 as an immigrant. Ex. 1. It further alleges that on January 5, 1998, he was convicted in the Boston Municipal Court of larceny in violation of chapter 266 of the Massachusetts General Laws and that he was sentenced to a term of imprisonment of 18 months. Ex. 1. The Service charged the respondent with being removable because he has been convicted of an aggravated felony, namely, a theft offense for which the term of imprisonment is at least one year. Ex. 1.

Based on the evidence contained in the Record of Proceedings, the Court found that the respondent was convicted of larceny and sentenced to a term of imprisonment of 18 months. In addition, the Court found that he was convicted of a theft offense and that he was sentenced to a year or more. Accordingly, the Court concluded that the respondent was convicted of an aggravated felony and is not eligible for relief from removal. On December 17, 2000, the Court ordered him removed from the United States to Barbados. Thereafter, the respondent, through counsel, filed an appeal with the Board of Immigration Appeals. This appeal was withdrawn on April 19, 2000, at which time the order of removal became final.

II.    Discussion

A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. 8 C.F.R. § 3.23(b)(1) (2000). The motion must state the new facts that will be proven at the hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary materials. 8 C.F.R. § 3.23(b)(3). A motion to reopen for the purpose of providing the alien an opportunity to apply for any form of discretionary relief will not be granted if it appears that the alien's right to apply for such relief was fully explained to him or her by the Immigration Judge, and an opportunity to apply therefore was afforded at the hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing. Id.

The Court must deny the respondent's motion to reopen. First, the Court notes that the motion is untimely since it was not filed within 90 days of the date of entry of the final administrative order of removal. Second, even if the motion had been filed before the deadline, the Court may not reopen this case because the respondent has not alleged any facts that would render him eligible for relief.

The respondent requests relief based on hardship to his family under section 212(h) of the Act. Section 212(h) of the Act provides a waiver to certain aliens who are inadmissible. The issue of admissibility arises when an alien seeks admission to the United States or when he applies for adjustment of status to that legal permanent resident. INA §§ 212, 245. Presently, the respondent is neither seeking admission, nor is he applying to adjust his status; in fact, when he entered the United States in 1986, he was admitted as a permanent resident. In any event, the respondent would not be eligible for a waiver under section 212(h) of the Act because this waiver is not available to a an alien who has previously been admitted to the United States as a lawful permanent resident and since that date of admission, was convicted of an aggravated felony. The Record of Proceedings clearly

establishes that the respondent was convicted of an aggravated felony, namely, a theft offense, and therefore, would be ineligible for a waiver under section 212(h).

Based on the foregoing, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen Removal proceedings be, and the same is hereby DENIED.


_10/27/00_
Date

_Leonard I. Shapiro_
LEONARD I. SHAPIRO
United States Immigration Judge

**EXHIBIT 6**

Name _Gregory Clarke_

Alien Number _40-162-479_


I understand that I have 30 days in which to submit evidence for consideration in my review. I wish to waive the 30 days and request that my custody status be reviewed immediately.


_Signature_                          _1/22/01_
                                      Date

Exh. 6

**EXHIBIT 7**

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name** Gregory CLARKE    **Date of Birth:** 08/15/72    **"A" Number:** 40 162 479

**AKAs:** none    **BOP Number:** n/a

**Country of Birth:**    Barbados    **Citizenship:**    Barbados

**Date of Arrival:**    12/21/86    **Place of Arrival:**    New York, NY

**Manner of Arrival:**  Immigrant (P2-3)    **Last Date into INS Custody** 11/4/99

**Entered INS Custody from:**    ☐    **Local,** ☐ **State, or** ☐ **Federal**
☒    **Other** arrested by Boston INS at court

**Location:**    **Institution Number:**

**Immigration History:**  (Prior INS arrest[s]/parole/bond/custody information)

Describe:

| | |
|---|---|
| 12/21/86 | Entered at New York, NY as an Immigrant (P23) |
| 11/4/99 | Arrested by agents in Boston in traffic court after it was discovered subject had several aggravated felony convictions. NTA, WA and I-286 issued. |
| 12/17/99 | Ordered removed to Barbados – reserved appeal |
| 4/19/00 | Appeal withdrawn |
| 10/27/00 | Motion to reopen IJ decision denied by IJ in Boston |

**Deportation Officer:** David O'Neill    **Date of Review:** 01/25/2001

**Location Detained:**  Pike County Jail

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒    Section 237 (a)(2)(A)(iii),
☐    Section 212 (a)    ,    ,
☐    Section 241    ,    ,

☒    Under <u>Final Order</u> dated 4/19/00 by ☐ IJ  ☒ BIA ☐ Other

☐    Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**

Request for travel document made on May 29, 2000. Subject made calls to the Consulate of Barbados and requested that the issuance of the travel document be delayed because he was under review for release. Second present sent on August 29, 2000.  Follow-up calls on 9/29/00, 10/11/00 and 12/20/00. Consul is still waiting for word from Barbados.

Exu. 7

## Legal Representative / Attorney

**G-28 Filed:**  ☐ Yes  ☒ No

**\*Legal Rep/Atty Notified of Interview:**  ☐ Yes  ☒ N/A  by:  on:

**Name of Representative / Attorney:**

**Mailing Address:**                    **Telephone Number:**

**Present during interview:**  ☐ Yes  ☐ No

## Criminal History

**Outside the United States:**  none
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:** Certified copies of convictions for the following in file:

**NCIC Checks:**  ☒ Criminal History  ☐ No record Found
                 (State and Federal)

Summary of record:

FBI#:  912271PA7

| Date: | Location | Crime | Disposition |
|-------|----------|-------|-------------|
| 11/22/89 | MA | Larceny | Convicted / restitution |
| 6/2/922 | NH | Trespass | unknown |
| 12/7/94 | MA | Larceny of Property over $250<br>Possession of Burglary Tools | Convicted 12/15/94<br>18 months suspended |
| 9/16/95 | MA | Shoplifting | unknown |
| 4/29/96 | MA | Receiving stolen property<br>Buying, receiving stolen m/v<br>Speeding<br>Operating M/V without license | Convicted<br>18 months suspended |
| 5/03/96 | MA | Larceny over $250 (2 counts)<br>Destruction of Property (2 counts) | Convicted 8/28/96<br>18 months suspended |
| 2/24/97 | MA | Larceny | Convicted 1/5/98<br>Larceny 18 months |
| 9/30/99 | MA | Operating M/V with suspended license | Unknown |

2-86

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?** ☐ Yes ☒ No

    If Yes, List & Describe:     unknown

    Source:

**Disciplinary reports and Incidents while in INS Custody?** ☒ Yes ☒ No

    If Yes, List & Describe:

Source:

## Specifics of Interview

**Date of File Review:**     1/25/01

**Date of Detainee Interview:** n/a

**Location of Interview:**

**Interviewing Officer:** #1:

        #2:

**Interpreter Used:** ☐ Yes ☐ No     **Name:**
**Language/Dialect:**

**Does the detainee have a place to live in the United States?** ☒ Yes ☐ No

    Address:     *with fiancee and children :*
                45 Snell Street
                Brockton, MA 02103

**Is the detainee subject to any parole or probation requirements?** ☐ Yes ☒ No

    Describe:

**Does the detainee have close family ties within the United States?** ☒ Yes ☐ No

    Describe:     Family resides in Boston area.

**Does the detainee have any community ties or non-governmental sponsors?**
                ☐ Yes     ☒ No
    Describe:

**Does the detainee have any employment prospects?**   ☒ Yes   ☐ No

      Describe:    Job offer from Dollar Rental Car

**What is the detainee's employment history?**

      Describe:    Previous employment with Dollar rental car and Wal-Mart.

**What is the detainee's educational level?**

      Describe:    Subject claims to have a college degree.

**Does the detainee have any vocational training?**

      Describe:    No

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ In File ☒ None ☐ Not Available

**Date and Source:**

**Other documentary evidence for consideration in this review:**

Subject has submitted numerous letters and documents in his behalf including a letter in which he explains the reasons he feels he should be released. Letters of recommendation from family, friends, a previous employer and his parole officer. Certificates for completion of several prison bible courses.

## Discussion at Interview

**Notes: Subject was not interviewed at this time. File review only.**

**Regarding life in his home country**

**Regarding entry information**

**Regarding his family ties**

**Regarding employment and education**

**Regarding his criminal history in the US,**

**Regarding his institutional record**

**Regarding community support and sponsors**

**Regarding him being a threat to the community or flight risk**

The INS detainee was found ☐ **CREDIBLE**       ☐ **NOT CREDIBLE**
**Explain:**

Subject was not interviewed at this time. File review only.

## Officer Comments/Analysis & Recommendation

Subject has a long history of arrests. Although most of his arrests are for relatively minor and non-violent offenses it conclusively shows a pattern of recidivism. It appears likely that subject would return to crime and theft if released from detention. Subject has hindered his removal from the United States by requesting that the consulate not issue a travel document because he was in the review process. This clearly shows that subject is attempting to circumvent the immigration laws of the United States to avoid deportation. Therefore there is no evidence to should subject would appear for removal or abide by the conditions of his release if he were released and he clearly poses a flight risk.

Subject's presentation package contained a copy of his birth certificate and his immigrant visa. From my experience, I believe that if subject did not request that the consulate delay the issuance of a travel document he would have been removed from the country a long time ago.

**Recommendation:  I recommend continued detention.**

| | | |
|---|---|---|
| David O'Neill, Deportation Officer | 1/25/01 | (Detain) (Release) |
| Interviewing Officer #1: | Date: | |

| | | |
|---|---|---|
| | | Detain (Release) |
| Interviewing Officer #2: | Date: | |
| (optional) | | |
| | 1/29/01 | (Concur) (Do Not Concur) |
| Reviewed by: | Date: | |

5 of 6

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐   RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐   RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

     Bond Amount: _____

☒   CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: *Phila PA*

Signature of District Director: *Theodore R Nordmark*  Date: 1/30/01
or Designee

*T. NORDMARK ADD*
(Printed Name & Title)

# HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ (Name, Title, Signature) | ____ | ____ | ____ |
| _____ (Name, Title, Signature) | ____ | ____ | ____ |
| _____ (Name, Title, Signature) | ____ | ____ | ____ |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)

6 of 6

**EXHIBIT 8**




**U.S. Department of Justice**
Immigration and Naturalization Service

*1600 Callowhill Street*
*Philadelphia, PA 19130*

Gregory CLARKE                                           A#40 162 479
C/O Pike County Jail
HC 8
Box 8601
Hawley, PA 18428

<h1 align="center">Decision to Continue Detention<br>Following File Review</h1>

This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

You are not being released because you have not demonstrated by clear and convincing evidence that you would not pose a threat to society if you were released. In fact, your record reflects several convictions for Larceny. Additionally, you are not being released because you have not shown that you would not be a flight risk. Service records reveal that you hindered the issuance of a travel document in your case by asking the consulate not to issue the document.

The INS will conduct another review of your custody status within six months of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: _____Joel Mikelson_____ at:

                                                        (Officer Name)

U.S. INS, 170 Pike County Jail, Hawley, PA 18428_____
                    (Address)

*Charles W. Zemski*                                 2/1/01
Signature of District Director/Designated Representative    Date

(Page 1 of 2)

**Decision to Continue Detention Following File Review**
**Page 2**
**Gregory CLARKE, A40 162 479**

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _DAVID O'NEILL_ , _D.O._ ,
        Name of INS Officer                                        Title

certify that I served _GREGORY CLARKE_ with a copy of
                        Name of detainee

this document at _Pike County Jail_ on _2/2/01_ , at _0910_ .
                    Institution            Date            Time

(b)    I certify that I served the custodian _____ ,
                                                Name of Official

_____ , at _____ , on
        Title                            Institution

_____ with a copy of this document.
        Date

### OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

        I _____ , _____ , certify
            Name of INS Officer                        Title

that I served _____ and the custodian _____
                Name of detainee                            Name of Official

with a copy of this document by certified mail at _____ on ___
                                                    Institution                    Date

( ) CC:  Attorney of Record or Designated Representative
( ) CC:  A-File

(Page 2 of 2)

(Final 10/99)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY P. CLARKE,                  :        No. 1:CV-01-0738
                                    :
          Petitioner                :        (Judge Caldwell)
                                    :
          v.                        :        (Mag. Judge Smyser)
                                    :
IMMIGRATION AND NATURALIZATION      :
SERVICE,                            :
          Respondent                :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 21st day of May, 2001, she served a copy of the attached

**EXHIBITS IN SUPPORT OF RESPONDENT'S BRIEF**
**OPPOSING THE PETITION FOR A WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Gregory P. Clarke
PIKE COUNTY JAIL
HC 8 Box 8601
Hawley, PA   18428

_____
CINDY J. LONG
Legal Secretary