ORIGINAL

FILED
HARRISBURG, PA
MAY 31 2001
MARY E. D'ANDREA, CL
[signature]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY P. CLARKE, | : | |
| Petitioner | : | No. 1:CV-01-0738 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| IMMIGRATION & NATURALIZATION SERVICE, | : | (Mag. Judge Smyser) |
| Respondent | : | |

## PETITIONER'S BRIEF TO SUPPORT
## THE PETITION FOR A WRIT OF HABEAS CORPUS

Now comes the Petitioner's brief to support the above entitled action and moves this Honorable Court not to denial this Petition of habeas corpus that has been filed on May 7, 2001.

The Immigration said that Mr. Clarke's detention is not indefinite but why is it sometimes taking so long to either give Mr. Clarke a bond or release him under supervision release pending his removal from the United States. Mr. Clarke certainly would not return to crime or theft or would pose a flight risk and will comply with what ever type of release is granted to him, because Mr. Clarke needs to be there for his family and mostly his son and daughter daily, Accordingly, the habeas petition should not be denial.

## STATEMENT OF FACTS:

To let you see why Mr. Clarke needs to stay in the United States is to provide for his family and kids Financially and Emotional and to see them grow up and get the support that they deserved like a father would give to them. Exh 1.(Photo of his family).

On December 17,1999, an Immigration Judge ordered Mr. Clarke removal from the United States and that time Mr. Clarke appeal the judge decision and then later withdraw it , but not on till April 19,2000 his order of removal became final. Exh. 2

After that Mr. Clarke later filed a motion to re-open under Extreme Hardship 212 (h) to attempt to seek relief under the 212(h) waiver, but the Immigration judge denial the motion on October 27,2000. Exh . 3

The Immigration said that Mr. Clarke made calls to the consulate of Barbados and request that the travel document be delayed how is that possible. The INS is still trying to obtain travel documents by calling the consal on 9-29-00, 10-11-00 and 12-20-00, and the consul is still waiting for word from Barbados at this time. Exh . 4

Mr. Clarke has made many mistakes in his past but on the other hand he had the chance to Graduate from Jeremiah E. Burke

High School and also went to Newbury Collage and Graduated. See Exh. 5

On February 24, 1997 I was given a citizen Award from the Boston Patrolmen's Association for helping the police catch a person who hit a off duty police officer and fled on foot but was later caught, the award is as read.

## CITIZEN AWARD
## GREG CLARKE

It is with great respect that the Boston Police Patrolmen's Association present this Award to an out standing citizen for the service rendered to the community. Exh 6.

Mr. Clarke has also complied with the conditions and stipulations of being on parole not once but twice, and also have a good relationship with his parole Officers Pacita A. Bradford and Denise Anglesco. Exh. 7, 8 page 1,2.

As a matter of fact Mr. Clarke has paid his taxes on time every he had to filed then with his w2 forms, as you can see the copy's of the tax forms from 1997, 1998, but 1999 was filed but was not sent to me here at the jail by my family. See Exh 9.

Mr. Clarke also has a job letter insuring him of his job back if he is ever release, by the District Operations Manager Mr George

Winer at Dollar Rent-A-Car Agency in the Downtown Boston Area. See Exh. 10 (Dollar Rent-A- Car letter).

To insure you of why Mr. Clarke Petition should not be denial is because of this, While incarceration in Boston Mr. Clarke found out true the courts that he infact would have to pay child support. But he then was called to take a DNA test to determine weather the child was really his and he did so and the test came back 99.9 % that the child was his. After he was release the mother of his other child had moved away but on until five years later she calls his mother and said she want to see Greg. I never got to know my son or see him who is 5 years old name Isaiah Dashawn walker and I never got to sign the Birth Certificate as you can see. Exh 11    (Standard Certificate of Live Birth).

Mr Clarke also had numerous of letter's of recommendation from his Fiancée, Family members, Friends of the Family, Parole Officer's, to which you can read and see that the person that is being detain by the Immigration is someone who has change his way of living to take care of his children on a daily basic. See Exh 12 (Recommendation letter's).

## AGRUMENT:

Under 8 U.S.C 1226© and 1231 (a),(1),(2), the Attorney General states that they must detain criminal aliens during removal proceedings and during the initial 90 days after the entry of a final

order of removal. Before Mr. Clarke came into this situation with the Immigration and Naturalization Service, he was living as a law-a-biding citizen after he was release from jail in November 9,1998. In fact, Mr. Clarke had met a wonderful lady with two beautiful daughters and was ready to settled down and get married in June of 2000, but during that time I moved in with her and her two lovely daughter Robin and Regina Florence and treat them like my own daughter's. In the past I have maintain employment with Wal-Mart Department Store and Dollar Rent-A-Car Agency to which I have that same job if release from custody with Dollar Rent-A-Car.

How could any alien or detainee provide to the Immigration like myself that he or she must Demonstrate by clear and convincing evidence that he or she is not a threat to the Community or to Society if he or she is not given a chance base on the type of crimes they have committed, well Mr. Clarke probably would not get that chance and the Immigration label Mr. Clarke as and Aggravated Felony and his crimes are consider minor charges like they said. The deportation officer also said that Mr. Clarke had hindered the Immigration attempts to obtain travel documents for him by requesting the consulate not to issue any travel papers, but by the law no detainee has that right to tell any person how to do there job at any time.

Mr. Clarke criminal record speak for it's self and he has Never had a Gun possession, Drug possession, Attempted murder on a person or and Assault and Battery, or Robbery to which a

person was injured or not. My crimes are serious but minor in other case, I have realizes that I made a lot of mistakes in my life growing up and most of all will live to correct myself and in a way of raising my kids myself, but like other detainee who have done time up state for some of the crimes above that was mention are those who the INS have to think very hard to if they should release such criminals back into the community or society. Mr. Clarke is also a non-violent person and his record speaks for it's self.

The Immigration also wants to deport Mr. Clarke back to Barbados with out a place to live and with out clothes to wear when he gets back to his country only the ones he was arrested in at the court, also I was moved from Hillsborough County Jail in New Hampshire on January 27 2000. The INS officers that brought us here to this facility told us that we were being held here temporary till space comes available in Boston or Local jails, well as you can see Mr. Clarke is the only one that is left in this facility from Boston Massachusetts. I have wrote to be moved back to Boston or Rhode Island and got no answer till he had his mother call the district Director in Boston, and later to find out that his case files was the only one transferred to the Philadelphia District office.

If Mr. Clarke has not challenged his detention, then he would not have filed a Petition writ of habeas corpus on the unconstitutional way of holding a detainee will over the 90 days

period. Also how could Mr. Clarke interfere with the INS on getting travel documents dose he have the authority to do so in his situation at hand.

### **PETITIONER IS ENTITLED TO 212(h) WAIVER:**

Petitioner, who came to this country as a healthy 13 year-old boy, has being diagnosed with a disease that require him to seek Rehabilitation Treatment. Contends, that his removal to his native country (Barbados) which dose not provide free treatment care. This will equal to a death sentence due to that he no longer has close relatives in that country and will be unable to continue his Rehabilitation Treatment. For humanitarian reasons and as agreed under the Vienna Convention a petitioner should be given a waiver from removal proceeding. Furthermore, Mr. Clarke who's life will be in jeopardy is entitled to relief from deportation as those aliens in similar situation due to political crisis in their countries, under the Convention Against And Other Cruel, Inhuman, or degrading Treatment or Punishment of February 1999.U.S.C Amend. 14

### **THE RIGHT TO EQUAL PROTECTION:**

It is the cruel and devastating effects the new provisions have when applied to resident that were living in this country for years as Mr. Clarke that make it unconstitutional. It deprives him of his fundamental right to liberty, of his right to remain with his family in the united states without taking under consideration his actual condition, and the fact that since he came to this country as

a child he only know what he learn in this country. Mr. Clarke has successfully addressed the problem that landed him in jail and as He was entitled under the laws governing his status as an immigrant when he entered this country he should be given an opportunity to remain in this country. The United States constitution is very explicit when it states: That alien as person residing within the U.S. jurisdiction are entitled to equal protection of the law. A lawful permanent resident like Mr. Clarke enjoys full protection of the constitution as well as a citizen. U.S.C. Amend 14.

Meticulous procedures required rule that function under the equal protection analysis is to measure validity of classification created by statute and to determine whether it infringes on fundamental interes or discriminates against suspect class. Impermissible classifications involving suspect are those like in this case based on "alienage", race and ancestry. Heisse v. State of Vt. 519 F.SUPP. 36 (D.C VT 1980).

Therefore, under the equal protection clause the application of IIRIRA in this case conflict with the constitution, U.S. v. Gomes, 797 Fzd 417 (C.A.7. Wis. 1986), Castillo- Felix v. INS, 601 Fzd 459 (C.A9. 1979), and Foley v. Conneies 419 F. Supp. 889 (D.C. N.Y. 1976), AFFIRMED ON 98 s. Ct. 1067. U.S. Const. Amends 5. 14. The equal protection issue presented in this case has been noted by the United States Court of Appeals for the third Circuit, but has been left unresolved. The Third Circuit's of this

issue suggests that Mr. Clarke has raised an arguable meritorious claim under the equal protection component of the Fifth Amendment of due process clause.

In <u>Catney v. Immigration & Naturalization Service</u>, 178 F.3d 190 (3rd Cir. 1999), the petitioner, a lawful resident alien, had been ordered removal by an immigration judge. Mr. Catney petitioned for review of that order, and his petition was dismissed by the Board of Immigration Appeals. Mr. Catney took an appeal to the Third Circuit, raising several constitutional and statutory claims, including an equal protection claim regarding the "Family Hardship Wavier" at 212(h) of the Immigration & Nationality Acts, 8 U.S.C. 1182(h). Specifically, Mr. Catney argued that a recent amendment to 212(h) violated equal protection by irrationally denying relief from deportation to resident aliens who had committed an aggravated felony since lawful admission to the United States, while affording the opportunity for such relief to aliens who had committed an aggravated felony after their lawful admission to the united States. <u>Id</u>. At 194.

The Third Circuit did not resolve the substantive equal protection issue. The Court of Appeals found that it did not have jurisdiction over a direct appeal from the immigration court, and that it would only have jurisdiction where the alien's claims were raised in a petition for writ habeas corpus. <u>Id</u>. At 191. The Court of Appeals did however, that Mr. Cateny had presented a credible equal protection claim, <u>Id</u>. At 191, and that he"argues with some

force that there is nothing rational about a law favors those who have committed at two crimes-illegal entry to this country and then an aggravated felony- over those who have committed only one —an aggravated felony, following lawful admission to the country."Id at 195.

The equal protection issue identified in Catney v. Immigration & Naturalization Service is squarely presented in the instant petition for writ of habeas corpus. It is submitted that the statutory scheme created by Congress denies equal protection, and that habeas corpus relief is appropriate. In this regard, petitioner ask this Court to consider the analysis employed by the United States District Court for the Central District of California when, in a similar case, the Court stayed the removal of a lawful alien who had denied the opportunity to apply for a family hardship wavier.

___   Song v. Immigration & Naturalization Service, 82 F. Supp.2d 1121,1133 (C.D.Cal.2000)(Feess,J.)(internal citations omitted).Consistent with the analysis employed by Judge Feess, petitioner asks this Court to hold that his right to equal protection of the law violated when he was denied the opportunity to apply for a family hardship wavier. Petitioner further requests that his removal from the United States be stayed until such time as he is provided with a meaningful opportunity to petition for the family hardship wavier.

## CONCLUSION:

Based on the foregoing as a matter of fairness and to protect Mr. Clarke's rights to due process of the law, For the above-stated reasons, Mr. Clarke's detention is unconstitutional by the law and the writ of habeas corpus should not be denied.

Respectfully Submitted,

*Gregory Clarke* (signature)
Gregory P. Clarke
Pike County Jail
HC 8 Box 8601
Hawley, PA 18428

Date: May 28, 2001

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY P. CLARKE,<br>Petitioner | : | No. 1:CV-01-0738 |
| v. | : | (Judge Caldwell) |
| IMMIGRATION & NATURALIZATION SERVICE,<br>Respondent | : | (Mag. Judge Smyser) |

### CERTIFICATE OF SERVICE

I undersigned hereby certificate that I served a copy of attached materials on the Petitioner's behalf by depositing them in postpaid envelope addressed stated below.

That on this 28th day of May, 2001, Mr. Clarke place a copy of the attached.

**PETITIONER'S BRIEF TO SUPPORT
THE PETITION FOR A WRIT OF HABEAS CORPUS**

CLERK'S OFFICE
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURY, PA 18501

GREGORY P. CLARKE
Pose. Petitioner