*see as*

/ /
6/20/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY P. CLARKE,               :      CIVIL NO. **1:CV-01-0738**
                                 :
                Petitioner       :      (Judge Caldwell)
        v.                       :
                                 :      (Magistrate Judge Smyser)
IMMIGRATION AND NATURALIZATION   :
SERVICE,                         :
                                 :
                Respondent       :      **FILED**
                                        **HARRISBURG, PA**

                                        JUN 1 9 2001

### REPORT AND RECOMMENDATION

MARY E. D'ANDREA, CLERK
PER_____
              DEPUTY CLERK

        The petitioner, an alien in the custody of the
Immigration and Naturalization Service (INS), filed a petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the
United States District Court for the District of Massachusetts.
On April 27, 2001, the case was transferred to this court.  The
petitioner claims that his detention is unconstitutional.


        By an Order dated May 7, 2001, the respondent was
ordered to show cause on or before May 28, 2001, why the
petitioner should not be granted habeas corpus relief.  The
Order of May 7, 2001, also provided that the petitioner may
file a reply to the response within 10 days of the filing of
the response.  In addition, the Order of May 7, 2001, provided
that all documents filed by the parties and by the court shall
be served upon the United States Attorney.

AO 72A
(Rev 8/82)

On May 14, 2001, the petitioner filed a letter requesting that counsel be appointed to represent him in this case.  On May 16, 2001, the petitioner filed a motion to stay the order of removal against him and a brief in support of his petition for habeas corpus relief.   None of these three documents contained a certificate of service indicating that they were served on the United States Attorney.

On May 21, 2001, the respondent filed a brief opposing the petition for a writ of habeas corpus and documents in support of its opposition.

On May 31, 2001, the petitioner filed a document entitled "Petitioner's Brief to Support the Petition for a writ of Habeas Corpus" and documents in support of that brief. Again, these documents do not contain a certificate of service indicating that they were served on the United States Attorney.

By a separate order entered this date, the documents that the petitioner filed that were not served on the United States Attorney were stricken from the record.

We will consider the claim raised by the petitioner in his petition for a writ of habeas corpus.

AO 72A
(Rev.8/82)

The petitioner is a native and citizen of Barbados.
(Doc. 8, Exhibit 1).  On or about December 21, 1986, the
petitioner was admitted to the United States as an immigrant.
*Id.*

On January 5, 1998, the petitioner was convicted in a
Boston, Massachusetts municipal court of larceny and sentenced
to eighteen months imprisonment. *Id.*  On November 4, 1999, the
INS charged the petitioner as being removable based on 8 U.S.C.
§ 1227(a)(2)(A)(iii) for having been convicted of an aggravated
felony. *Id.*

On December 17, 1999, an Immigration Judge ordered that
the petitioner be removed to Barbados.  (Doc. 8, Exhibit 2).
The petitioner appealed that Order, but on or about April 19,
2000 withdrew his appeal. (Doc. 8, Exhibit 4).  The petitioner
then filed a motion to reopen his case to apply for relief
under Section 212(h) of the Immigration and Nationality Act.
(Doc. 8, Exhibit 5).  By an Order dated October 27, 2000, the
petitioner's motion to reopen was denied. *Id.*

In January of 2001, the INS informed the petitioner
that he would be considered for release on bond pending removal
and that he had  thirty days to submit evidence regarding
that consideration.  On January 22, 2001, the petitioner waived

3

the thirty days and requested that his custody status be
reviewed immediately. (Doc. 8, Exhibit 6). On January 25,
2001, an INS officer reviewed the petitioner's file. (Doc. 8,
Exhibit 7). That officer made the following comments, analysis
and recommendation:

> Subject has a long history of arrest. Although
> most of his arrests are for relatively minor
> and non-violent offenses it conclusively shows
> a pattern of recidivism. It appears likely
> that subject would return to crime and theft if
> released from detention. Subject has hindered
> his removal from the United States by
> requesting that the consulate not issue a
> travel document because he was in the review
> process. This clearly shows that subject is
> attempting to circumvent the immigration laws
> of the United States to avoid deportation.
> Therefore there is no evidence to show subject
> would appear for removal or abide by the
> conditions of his release if he were released
> and he clearly poses a flight risk.
>
> Subject's presentation package contained a copy
> of his birth certificate and his immigrant
> visa. From my experience, I believe that if
> subject did not request that the consulate
> delay the issuance of a travel document he
> would have been removed from the country a long
> time ago.

*Id.*

The officer recommended that the petitioner continue to
be detained. *Id.* The INS District Director reviewed that
recommendation and decided to continue the petitioner's
detention and to schedule another review of the petitioner's
detention in six months. *Id.* The petitioner was notified of

AO 72A
(Rev.8/82)

that decision by a letter dated February 1, 2001. (Doc. 8,
Exhibit 8).

The petitioner claims in his petition that his
detention is indefinite and violates his constitutional rights.

Pursuant to 8 U.S.C. § 1226(c) & § 1231(a)(2), the
Attorney General generally must detain criminal aliens during
the removal proceedings and during the initial 90 day removal
period following the entry of a final order of removal.  After
the 90-day removal period, 8 U.S.C. § 1231(a)(6) authorizes the
Attorney General to detain criminal aliens and any alien the
Attorney General has determined "to be a risk to the community
or unlikely to comply with the order of removal."

The INS has promulgated rules for the review of
detention of criminal aliens beyond the 90-day removal period.
Initially, the INS promulgated "interim" custody review
procedures.  The United States Court of Appeals for the Third
Circuit found in *Ngo v. INS*, 192 F.3d 390 (3d Cir. 1999), that
review pursuant to the "interim" custody review procedures
satisfies due process.

Effective December 21, 2000, the INS promulgated final
rules for the detention of aliens beyond the 90-day removal

AO 72A
(Rev.8/82)

period. 8 C.F.R. § 241.4 as amended by 65 Fed.Reg. 80281 (Dec. 21, 2000). The petitioner has been and will be reviewed for release under those provisions.

The provisions of 8 C.F.R. § 241.4 as amended by 65 Fed. Reg. 80281 are comparable to the interim rules that the United States Court of Appeals for the Third Circuit found in *Ngo v. INS*, 192 F.3d 390 (3d Cir. 1999), to satisfy due process.[1]

Since the petitioner's custody is being reviewed by the INS pursuant to regulations which provide for periodic reviews, the petitioner's detention is not indefinite and does not violate his constitutional rights.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

Dated: June 19, 2001.

___

[1] We note that the final rule provides that after the initial review at the end of the removal period subsequent reviews will ordinarily be conducted on an annual basis with the detainee allowed to submit written requests for release based on a material change in circumstances not more than every three months in the interim between annual reviews, whereas the interim rules provided for reviews every six months.

6

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY P. CLARKE, | : | CIVIL NO. **1:CV-01-0738** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| IMMIGRATION AND NATURALIZATION | : | |
| SERVICE, | : | |
| | : | |
| Respondent | : | |

**FILED**
**HARRISBURG, PA**

JUN 1 9 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

<u>**NOTICE**</u>

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: June 19, 2001.

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

June 19, 2001

Re:  1:01-cv-00738    Clarke v. Immigration & Natur

True and correct copies of the attached were mailed by the clerk
to the following:

Gregory P. Clarke
CTY-PIKE
A 401-62-479
HC 8, Box 8601
Hawley, PA  18428-8610

Kate L. Mershimer, Esq.
U.S. Attorneys Office
Room 217, Federal Bldg.
228 Walnut St.
Harrisburg, Pa  17108

David Barasch
United States Attorney's Office
Room 217, Federal Building & Court House
228 Walnut Street
Harrisburg, PA  17108

cc:
Judge                     ( / )              ( ) Pro Se Law Clerk
Magistrate Judge          ( / )              ( ) INS
U.S. Marshal              ( )                ( ) Jury Clerk
Probation                 ( )
U.S. Attorney             ( )
Atty. for Deft.           ( )
Defendant                 ( )
Warden                    ( )
Bureau of Prisons         ( )
Ct Reporter               ( )
Ctroom Deputy             ( )
Orig-Security             ( )
Federal Public Defender   ( )
Summons Issued            ( ) with N/C attached to complt. and served by:
                              U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5       ( )
Order to Show Cause       ( ) with Petition attached & mailed certified mail
                              to:  US Atty Gen  ( )  PA Atty Gen ( )

DA of County   (  )   Respondents (  )

Bankruptcy Court          (  )
Other_____ (  )

MARY E. D'ANDREA, Clerk

DATE: _____6-19-01_____

BY: _____
Deputy Clerk